**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

JONATHAN WATASHE,                )
                                 )
            Petitioner,           )
                                 )
v.                               )        Case No. 10-CV-379-JHP-FHM
                                 )
DAVID MILLER, Warden,            )
                                 )
            Respondent.           )


**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. See Dkt. # 1. Petitioner is a state

inmate and appears *pro se*. Respondent filed a response to the petition (Dkt. # 8), and provided

copies of state court documents (Dkt. ## 8, 9, 10) for the Court's use in evaluating Petitioner's

claims. Petitioner did not file a reply. For the reasons discussed below, the petition shall be denied.

*BACKGROUND*

In December, 2007, Tonya Redricks lived in a rented house at 2232 North Toledo Place, in

Tulsa, Oklahoma, with her four children, one grandchild, and a family friend. Around 10 p.m. on

the evening of December 20, 2007, someone in the front yard of the home threw a Molotov cocktail[1]

into the living room of the house, breaking a front window and starting a fire. Although the

occupants of the house managed to escape, the house was mostly destroyed by the fire. Three

witnesses saw Petitioner in the driveway around the time of the fire, and one person actually saw

him throw a bottle through the front window to start the fire.

---

[1]     Tulsa Fire Department Investigator Jeff Vandolah testified that a Molotov cocktail is a glass
        container with an ignitable liquid in it, usually with some kind of fuse or wick. See Dkt. #
        10-2 at 142.

As a result of those events, Petitioner was charged with First Degree Arson, After Former Conviction of a Felony, in Tulsa County District Court, Case No. CF-2007-6592. See Dkt. # 10-5 at 10-14. At the conclusion of a jury trial, held August 18-20, 2008, Petitioner was found guilty as charged.  In accordance with the jury's recommendation for punishment, the trial judge sentenced Petitioner to thirty (30) years imprisonment. See Dkt. # 10-4 at 2. He was represented by attorney Rick Couch at trial.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA).  Represented by attorney Stuart Southerland, he raised the following five (5) propositions of error:

Proposition 1:  It was error to exclude evidence of an eye witness's juvenile adjudication for the purpose of bias or impeachment. The restriction upon cross-examination violated Appellant's right to confrontation and a fair trial under both the Sixth and Fourteenth Amendments to the United States Constitution, as well as relevant provisions of Oklahoma law.

Proposition 2:  Defense counsel's failure to call an alibi witness, under the facts of the case before this court, constituted ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Proposition 3:  Various instances of prosecutorial misconduct served to deny Appellant the right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution. The error warrants a reversal of Appellant's conviction or a reduction in the sentence imposed.

Proposition 4:  Refusing Appellant's request for an instruction defining reasonable doubt denied him the right to due process and a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution.

Proposition 5:  The combined effect of the error at Appellant's trial requires reversal or modification.

(Dkt. # 8, Ex. 1). Petitioner also sought to supplement the record, and asked for an evidentiary hearing related to his ineffective assistance of trial counsel claim. Id. at 45-55. In an unpublished

summary opinion, filed October 2, 2009, in Case No. F-2008-833 (Dkt. # 8, Ex. 3), the OCCA

rejected the claims and affirmed the judgment and sentence of the trial court. The OCCA also denied

Petitioner's motion for supplementation of the record and request to remand for an evidentiary

hearing. Id. at 4. Petitioner did not seek *certiorari* review from the Supreme Court nor did he seek

post-conviction relief in the state courts.

On June 11, 2010, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

He identifies three (3) grounds of error, as follows:

> Ground 1:   It was error to exclude evidence of an eye witness' juvenile adjudication for
> purpose of bias or impeachment.

> Ground 2:   Ineffective assistance of counsel.

> Ground 3:   Defense counsel's failure to call an alibi witness.

(Dkt. # 1).  In response to the petition, Respondent argues that ground 1 is not subject to federal

habeas corpus review because it concerns a matter of state law, and that Petitioner is not entitled to

habeas corpus relief under 28 U.S.C. § 2254(d) on grounds 2 and 3.  See Dkt. # 8.

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion

requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).

Respondent concedes and the Court agrees that Petitioner fairly presented the substance of his

claims to the OCCA on direct appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b)

is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See

Williams v. Taylor, 529 U.S. 420 (2000).

**B.**     **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent the claims are cognizable on habeas review they shall be analyzed pursuant to § 2254(d).

### 1.      Improper limitation on testimony of eyewitness (ground one)

For his ground one claim, Petitioner argues that it was error for the trial court to exclude evidence of the prior juvenile adjudications of witness Neko Ross.[2] Specifically, he contends that Ross was on probation at the time of the crime, and that he may have testified for the prosecution out of fear of possible jeopardy to his probation. Respondent argues that Petitioner's ground one claim only challenges a state law evidentiary ruling,[3] thus it is not cognizable in this federal habeas corpus proceeding. This claim was raised on direct appeal and rejected by the OCCA.  The OCCA cited Okla. Stat. tit. 12, § 2609(D) (2004), for the proposition that "[j]uvenile adjudications are generally not admissible," and found that "the trial court did not abuse its discretion in refusing to allow Watashe to cross-examine a State's witness about his juvenile adjudication." See Dkt. # 8, Ex. 3 at 2 and n.1.

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  Id. at 68; 28 U.S.C. § 2241.

---

[2]      Neko Ross was a friend of the Redricks family, and was living with them temporarily at the time of the fire. See Dkt. # 10-2 at 231.

[3]      On direct appeal, Petitioner included an argument in this ground that his rights under the Confrontation Clause were violated, as was his Due Process right to a fair trial. See Dkt. # 8, Ex. 1 at 6-13. The OCCA did not find a violation of Petitioner's rights under the United States Constitution. See Dkt. # 8, Ex. 3 at 2 n.1. Petitioner does not claim any violation of federal constitutional rights in ground one of the petition filed herein.

In ground one, Petitioner challenges the state court's evidentiary ruling.  Because the claim alleges an error of state law, it is not cognizable in this federal habeas corpus proceeding. McGuire, 502 U.S. at 67-68. See also Anderson-Bey v. Zavaras, 641 F.3d 445, 448 (10th Cir. 2011) (declining to address a habeas claim regarding a state court's interpretation of state law even if the state court erred in interpreting its law). However, to the extent the claim may implicate Petitioner's constitutional rights, Petitioner must demonstrate that his trial was rendered fundamentally unfair by the decision of the trial court to exclude the challenged evidence. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (holding that habeas corpus relief cannot be granted on the basis of state court evidentiary rulings "unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results" (quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000))). Petitioner may obtain habeas relief for an improper state evidentiary ruling only "if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002) (alteration in original; quotation marks and citation omitted). The category of infractions which violate fundamental fairness is very narrow. See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002).

Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's refusal to allow Petitioner to cross-examine witness Ross regarding his juvenile adjudications. Although Ross was the only witness who testified that he saw Petitioner toss a Molotov cocktail through the front window, thus starting the fire, there was other testimony placing Petitioner in the front yard of the Redricks' home around the time the fire started. Alexus Redricks testified that she saw Petitioner in his car, parked in the Redricks' driveway around 9:30 p.m. when

she and her sisters were leaving to visit friends. See Dkt. # 10-2 at 186. Recognizing Petitioner as

a neighbor, she asked him who he was looking for. Petitioner did not answer, left and parked his car

in his driveway, watching Alexus and her sisters as they left. Terry Redricks testified that he heard

a "swoosh sound" and glass breaking around 10:00 p.m. He looked out the side door and saw

Petitioner in the street in front of the Redricks' house. Id. at 253- 57.  He testified that Petitioner was

backing away and yelling obscenities. Id. at 255. He then realized the living room was on fire, and

he hurried out the back of the house.  Id. at 257.

Although Ross' testimony was important, it was not crucial to the State's case in proving

Petitioner guilty of First Degree Arson. Both Alexus Redricks and Terry Redricks were positive in

their identification of Petitioner as the one they saw in the front of their house.  Id. at 189, 257. The

Court concludes that Petitioner's trial was not rendered fundamentally unfair because defense

counsel could not cross-examine Ross regarding his juvenile adjudications. Petitioner is not entitled

to habeas corpus relief on his ground one claim.

**2.      Ineffective assistance of trial counsel (grounds two and three)**

In his second ground, Petitioner alleges that his trial counsel was ineffective for failing to

investigate adequately and present an alibi witness. In his third ground, Petitioner repeats the same

claim by stating that his trial counsel failed to call an alibi witness. According to the more detailed

description of these two claims, as set forth on direct appeal, Petitioner complains that trial counsel

failed to investigate and call Petitioner's friend, Darren Gilbert, to testify that Petitioner was at

Gilbert's house drinking beer and listening to music at the time of the fire. See Dkt. # 8, Ex. 1 at 14-

16, 45-55. The OCCA rejected this ineffective assistance of counsel claim on direct appeal, finding

that "counsel made a reasonable strategic decision regarding Watashe's proposed alibi witness and

was not ineffective for failing to locate or call that witness." <u>See</u> Dkt. # 8, Ex. 3 at 2. The OCCA

explained its reasoning in further detail, as follows:

> To prevail on a claim of ineffective assistance, Watashe must show both that counsel's performance was deficient and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We review counsel's performance against an objective standard of reasonableness under prevailing professional norms, and we will not second-guess strategic decisions. *Harris v. State*, 2007 OK CR 28, 164 P.3d 1103, 1114-15; *Rompilla v. Beard*, 545 U.S. 374, 380-81, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005). If this Court finds that Watashe has not shown prejudice we need not reach the claim of deficient performance. *Williams v. Taylor*, 529 U.S. 362, 393, 120 S.Ct. 1495, 1513, 146 L.Ed.2d 389 (2000) (defendant prejudiced where counsel's actions deny him a substantive or procedural right to which he is entitled by law); *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The decision to call witnesses, other than the defendant, is a matter of strategy within trial counsel's discretion. *Matthews v. State*, 2002 OK CR 16, 45 P.3d 907, 919. We will not second-guess apparently sound strategic decisions. *Harris*, 164 P.3d at 1114-15; *Welch v. State*, 2000 OK CR 8, 2 P.3d 356, 375; *Malicoat v. State*, 2000 OK CR 1, 992 P.2d 383, 406; *Matthews*, 45 P.3d at 919; *Camron v. State*, 1992 OK CR 17, 829 P.2d 47, 54. Counsel had the information about Darren Gilbert's possible testimony, and chose not to pursue it. This was a reasonable strategic decision.

<u>Id.</u> at 2-3 n.2.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel,

Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable

application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, a defendant must

show that his counsel's performance was deficient and that the deficient performance was

prejudicial. <u>Strickland</u>, 466 U.S. at 687; <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328 (10th Cir. 1993).

A defendant can establish the first prong by showing that counsel performed below the level

expected from a reasonably competent attorney in criminal cases. <u>Strickland</u>, 466 U.S. at 687-88.

There is a "strong presumption that counsel's conduct falls within the range of reasonable

professional assistance." <u>Id.</u> at 688.  In making this determination, a court must "judge . . . [a]

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). If a petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

In support of his ineffective assistance of counsel claim, Petitioner references his motion for supplementation of the record and request to remand for an evidentiary hearing filed with the OCCA. See Dkt. # 8, Ex. 1 at 45-55. Attached to the motion is the affidavit of Darren Gilbert. Id. at 52-53. In his affidavit, Gilbert states that Petitioner came by his house after work on the evening of December 20, 2007, and they listened to music and drank beer in Gilbert's garage. Id. at ¶¶ 3, 4. At some point in the evening, they heard emergency vehicle sirens which Gilbert later learned were fire trucks at the Redrick house "just a block away." Id. at ¶ 5. While Gilbert's affidavit appears to provide an alibi for Petitioner's whereabouts when the fire erupted at the Redricks' house, it is

unsupported by any other evidence and directly contradicted by three eyewitnesses.  In light of the

testimonial evidence presented at trial, it was not an objectively unreasonable strategic decision to

forego presenting Petitioner's friend, Darren Gilbert, as an alibi witness.  Boyle v. McKune, 544

F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a

matter of strategy."); Boyd v. Ward, 179 F.3d 904, 915 (10th Cir. 1999) (describing decisions

regarding impeaching witnesses and introducing evidence as matters of "trial strategy and tactics");

see also Strickland, 466 U.S. at 699. Petitioner has not affirmatively demonstrated that the OCCA's

resolution of the ineffective assistance of counsel claim was an unreasonable application of

Strickland. See Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (when state court's application of

Strickland is challenged, "it must be shown to be not only erroneous, but objectively unreasonable").

Accordingly, the Court finds Petitioner is not entitled to habeas relief on his ground two and ground

three claims of ineffective assistance of trial counsel.

**C.      Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs

that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings. Slack

v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.


**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate Judgment shall be entered in this case. A certificate of appealability is **denied**.


**DATED** this 14th day of May, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma